UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LAWRENCE HOUSTON HOBBS,

        Plaintiff,

  v.                                    Case No. 22-cv-721-pp

DEB HAALAND, UNITED STATES DEPARTMENT
OF THE INTERIOR BUREAU OF LAND MANAGEMENT,
and UNITED STATES OF AMERICA,

        Defendants.

---

## ORDER DENYING PLAINTIFF'S MOTION TO FILE ELECTRONICALLY AND USE ELETRONIC DEVICES IN THE COURTROOM (DKT. NO. 2)

---

        On June 21, 2022, the plaintiff, representing himself, filed a forty-eight-page complaint alleging that the defendants committed various forms of employment discrimination and retaliation against him. Dkt. No. 1. That same day, the plaintiff filed a motion for an order allowing him to file documents electronically and ordering the U.S. Marshal to allow him to bring into court computers and "certain peripheral devices" necessary to access pleadings, do research and present arguments. Dkt. No. 2-3. The plaintiff filed a nearly identical motion in two other cases before this court, which the court denied. <u>Hobbs v. Willis *et al.*</u>, Case No. 22-cv-467, Dkt. Nos. 3 (motion), 4 (order); <u>Hobbs v. Shesky, *et al.*</u>, Case No. 22-cv-492, Dkt. Nos. 3 (motion), 5 (order).

        The only difference between this motion and the motions the plaintiff filed in Case Nos. 22-cv-467 and 22-cv-492 is his reference to *stare decisis*,

1

which he argues applies because a court in the Western District of Texas granted his similar requests. Dkt. No. 2 at 2. He argues that because other courts have granted motions like this one, this court's prior denials of his motions in the other cases "are unlawful and thus this court is precluded from deny [sic] such motion by Federal Judicial Precedent and the doctrine of 'Stare Deices [sic]'." Id. The plaintiff misapprehends the doctrine of *stare decisis*.

It is true that *stare decisis* requires a court to decide a case "in accordance with what has been decided previously in other, similar cases (similar in the sense of not being legally distinguishable) . . . ." Colby v. J.C. Penney Co., Inc., 811 F.2d 1119, 1122-23 (7th Cir. 1987). But there is more to it than that. "The distinction essential to understanding the doctrine is between the persuasiveness and the authority of a previous decision." Id. at 1123. "Any decision may have persuasive force . . . ." Id. But that decision also must be "authoritative" for *stare decisis* to require that another court follow it.

> Whether a decision is authoritative depends on a variety of factors, of which the most important is the relationship between the court that decided it and the court to which it is cited later as precedent. The simplest relationship is hierarchical: the decisions of a superior court in a unitary system bind the inferior courts.

Id.

While this court respects its sister court in the Western District of Texas and while that court's reasoning likely is persuasive, that court's decisions are not "authoritative" as to this court. The federal court system is a unitary, hierarchical system: district courts (trial courts) at the lowest tier of the hierarchy, circuit courts (like the Seventh Circuit Court of Appeals) on the

2

middle tier and the United States Supreme Court at the top. Decisions from the Seventh Circuit Court of Appeals and the United States Supreme Court are "authoritative" as to this court. But decisions of other district courts, however persuasive, are not. This court is not required to follow the decision by the Western District of Texas.[1]

I.     **Motion for Permission to E-File and Use Electronic Devices**

   A.     E-Filing

The plaintiff requests permission to electronically file documents. He discusses the cumbersome effect of paper filing on "modern court clerks" and expresses concern over the costs of filing in person and through the mail. Dkt. No. 2 at 3. The plaintiff says that he lives in Comal County, Texas, which is a several-day trip by train to the Eastern District of Wisconsin, meaning he would need to spend considerable time and money going back and forth to deliver his filings in person. Id. He also complains about the four or more dollars it would cost to send all pleadings and exhibits through the mail and explains his concerns with the reliability of effective delivery through the United States Postal Service. Id. at 4.

General Local Rule 5(a)(2) (E.D. Wis.) exempts self-represented parties from the district's electronic filing requirements. Section I(A)(1) of the court's

---

[1] Two years ago, the district court for the Western District of New York declined to exercise its discretion to allow a self-represented plaintiff who indicated that he was temporarily living in Nigeria to file electronically, even though that plaintiff argued that the international postal system was slow and unreliable. Akande v. Philips, 386 F. Supp. 3d 281, 296 (W.D.N.Y. 2019). The plaintiff has not argued that *stare decisis* requires this court to follow the Akande decision.

3

Electronic Case Filing Policies and Procedures Manual states that parties who are representing themselves cannot file electronically unless authorized by the court. https://www.wied.uscourts.gov/e-filing/ecf-policies-and-procedures. As the court explained to the plaintiff in denying his motions in the previous cases, this court does not grant self-represented parties leave to file electronically absent extraordinary circumstances.

The plaintiff's concerns about U.S. Postal Service delivery of documents do not constitute extraordinary circumstances. The court has explained that there is no need for the plaintiff to file his documents in person. This court has presided over numerous cases in which a plaintiff has represented him- or herself. In most of those cases, the plaintiff has used the U.S. mail without incident to file necessary documents. The court will deny the plaintiff's motion for e-filing.

B. Use of Electronics

Next, the plaintiff requests permission to use "certain electronic[s]" in the courtroom. Dkt. No. 3 at 4. He states that he has "identified a well-drafted local rule" and offers it to the court for consideration; the rule appears to be from a court in Douglasville, Georgia. Id. at 4. The rule he identifies allows attorneys to use their own recording devices to record proceedings in the courtroom.

As the plaintiff knows from the court's orders denying his motions in prior cases, this court has no such rule, and there is a reason. The court uses court reporters and electronic recording to make official records of court proceedings. The court puts the audio recordings on the docket and the parties

4

may access them. When court reporters are used to make the record, parties may order transcripts of those hearings. The court does not allow anyone—lawyers, parties or anyone else—to make unofficial recordings of court hearings. The plaintiff has provided no reason why he cannot rely on official recordings and transcriptions of court proceedings like everyone else does.

To the extent that the plaintiff is asking the court to allow him to bring a computer into the courtroom for hearings so that he can access research or present evidence, the court has the authority to grant such a request. If this case reaches a point where there are proceedings in the courtroom, the plaintiff may renew his request and explain what devices he wants to bring into the courtroom and why.

## II. Conclusion

The court **DENIES** the plaintiff's petition to proceed in district court with permission to file documents electronically and to use certain electronic devices in the courtroom. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 19th day of August, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
