UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LAWRENCE HOUSTON HOBBS,

          Plaintiff,

                              Case No. 22-cv-721-pp

   v.

DEB HAALAND, *et al.*,

          Defendants.

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S COMBINED REQUEST FOR NON-DISPOSITIVE MOTION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE PLEAD OR TO CONSOLIDATE (DKT. NO. 17), DENYING EXPEDITED L.R. 7(H) MOTION TO TAKE LEAVE TO FILE PAPER (DKT NO. 20), DENYING EXPEDITED NON-DISPOSITIVE MOTION REQUESTING RECUSAL EX-PARTE COMMUNICATION PURSUANT TO CIV. L.R. 7(H) (DKT. NO. 22) AND DENYING PLAINTIFF'S EXPEDITED NON-DISPOSITIVE MOTION REQUESTING NOTICE OF MATERIALS IN THE RECORD PURSUANT TO CIVIL L.R. 7(H) (DKT. NO. 23)**

On November 18, 2022, the defendants filed a motion to dismiss. Dkt. No. 14. Under Civil Local Rule 7(b), the plaintiff's response to the motion to dismiss was due on December 9, 2022. Instead of filing a response, the plaintiff filed a motion for an extension of time to respond or, in the alternative, to consolidate the cases he has pending in this district. Dkt. No. 17. The plaintiff also filed a Rule 7(h) expedited, non-dispositive motion to take leave to file paper, dkt. no. 20, and a Rule 7(h) expedited, non-dispositive motion requesting recusal, dkt. no. 22. Finally, the plaintiff filed a Rule 7(h) expedited, non-dispositive motion requesting notice of materials in the record. DKt. No. 23.

1

The court will grant in part and deny in part the motion for an extension of time to answer or otherwise plead or to consolidate, dkt. no. 17, deny the motion to take leave to file paper, dkt. no. 20, deny the motion for recusal, dkt. no. 22, and deny the motion requesting notice of materials in the record, dkt. no. 23.

## I. Background

Since mid-April 2022, the plaintiff has filed four cases in this district: Hobbs v. Willis, <u>et al.</u>, Case No. 22-cv-467-pp (filed April 15, 2022); Hobbs v. Shesky, <u>et al.</u>, Case No. 22-cv-492-pp (filed April 22, 2022 and closed November 7, 2022); Hobbs v. Shesky, <u>et al.</u>, Case No. 22-cv-680-pp (filed June 10, 2022); and this case, Hobbs v. Haaland, <u>et al.</u>, Case No. 22-cv-721-pp (filed June 21, 2022). As the prior list demonstrates, this is the most recently filed of the four cases.

The complaint in this case names as defendant the Secretary of the Department of the Interior (Deb Haaland), the United States Department of the Interior Bureau of Land Management and the United States of America. Dkt. No. 1 at 1. The forty-eight-page complaint alleges that the plaintiff suffered harassment, discrimination and retaliation while employed by the U.S. Bureau of Land Management. Dkt. No. 1. The plaintiff has alleged various constitutional violations, a violation of the Privacy Act of 1974, violations of federal employment laws, violations of various federal criminal statutes and several common law tort claims. Id. at 34-45. The plaintiff attached to the complaint a document titled "Notice of Pertinent Litigation Dated 06/07/22,"

explaining that he had filed similar litigation in other federal courts and in state courts. Dkt. No. 1-2 at 1-2. The plaintiff reported that he had eight related cases pending; three in the federal court for the Western District of Texas, one in the federal court for the Northern District of Illinois, one in the federal court for the District of Columbia, one in the federal court for the Eastern District of Missouri and two in this court. Id. The plaintiff also indicated that he had a pending "EEO" action in the Western District of Texas and a related state-court lawsuit in Milwaukee County Circuit Court. Id. at 2-3.

On November 18, 2022, the defendants filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) or Federal Rule of Civil Procedure 8(a). Dkt. No. 14. Observing the overlap of the claims in this case with some of the claims pending in other districts, the defendants indicated that they may seek to transfer or consolidate this case with those pending cases should this complaint survive their motion to dismiss. Dkt. No. 15 at 1-2.

On December 19, 2022, the court received the plaintiff's motion for an extension of time to respond or to consolidate. Dkt. No. 17. The motion begins by reiterating the plaintiff's objections to the fact that this court has denied his motions to efile. Id. at 1. The motion indicates that it is dated December 9, 2022—the day his response to the defendants' motion to dismiss was due under the court's local rules—and asks the court to defer making him reply to the motion to dismiss until his motions to consolidate, filed in other districts, are accepted or rejected; he says if those motions are granted, they will "force consolidation of Plaintiffs causes of actions in this jurisdiction. Id. at 2. In the

alternative, he asks the court to give him sixty additional days from the date his opposition to the motion to dismiss would have been due to file it. <u>Id.</u> Finally, he says that he is asking this court to consolidate the cases he has pending in this district with the cases pending in the Western District of Texas. <u>Id.</u>

The plaintiff also characterizes the defendant's motions to dismiss as "de facto requirements to 'amend his complaint,' reminds the court that Fed. R. Civ. P. 15 advises courts to freely give leave to amend when justice so requires and asks for at least sixty days by which to do so. <u>Id.</u> at 3. He then points out that the defendants have indicated that they are considering seeking consolidation with the cases pending in the Western District of Texas and indicates that he "requests likewise." <u>Id.</u> at 4.

On December 28, 2022, the United States filed its response. Dkt. No. 18. The United States says that it does not oppose the plaintiff's requested extension until February 7, 2023 but asks that the court rule on the motion to dismiss before deciding whether to consolidate the cases. <u>Id.</u> at 1. In the alternative, the United States proposes that the plaintiff dismiss this case and seek to amend one of his cases currently pending in Texas. <u>Id.</u>

## II. Plaintiffs Combined Request for Non-Dispositive Motion for Extension of Time to Answer or Otherwise Plead or to Consolidate (Dkt. No. 17)

Working backward, the court first considers the plaintiff's alternate request that the court order this case consolidated with <u>Hobbs v. Shesky</u>, Case

4

No. 22-cv-680[1] and transfer the consolidated cases to the Western District of Texas. A motion to consolidate is different from a motion to transfer; different standards apply. The court first will consider the plaintiff's request to consolidate two of the cases pending in the Eastern District of Wisconsin.

A.    Consolidation

Federal Rule of Civil Procedure 42 governs consolidation. Under Rule 42, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all the matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." Hall v. Hall, 138 S. Ct. 1118, 1131 (2018) (citing 9A Wright & Miller §2283). Courts should decline to exercise their discretion to consolidate if consolidation could cause confusion or prejudice. Estate of West v. Giese, Nos. 19-cv-1842, 19-cv-1844, 2020 WL 3895299, at *1 (E.D. Wis. July 1, 2020) (citing SJ Props Suite, BuyCo, EHF v. Dev. Opportunity Corp., Nos. 09-cv-533, 09-cv-569, 2009 WL 3790009, at *1 (E.D. Wis. Nov. 12, 2009)).

The plaintiff has asked the court to consolidate "cases pending in this district." Dkt. No. 17 at 3. While he cites Rule 42, the *plaintiff* has not explained or described any common question of law or fact this case shares

---

[1] The plaintiff does not mention his other pending case, Hobbs v. Willis, Case No. 22-cv-467-pp. The court assumes he is not seeking consolidation of that case with the other two cases he has pending in the Eastern District of Wisconsin.

with <u>Hobbs v. Shesky</u>. He says only that the *defendants* have asserted that "the cases cited herein meet [the Rule 42] threshold because they involve common questions of law and fact, unilaterally raising numerous claims, including constitutional violations, discrimination under Title VII and the Age Discrimination in Employment Act, and obstruction of justice and the hands of certain federal agents," and that he does not object to those assertions. <u>Id.</u> at 3-4. The plaintiff says that

> Defendants have argued, and Plaintiff does not object:
>
> *"that all the factors weigh in favor of consolidation exception jurisdiction"*. Namely a single plaintiff, and the named defendants are the federal government, agencies, and agents, all of which the DOJ attorneys represent. Similarly, *"Issues of law and fact are common to these matters." Id.* Defendants have also argued, "*consolidation of these cases would conserve judicial resources, time, and expense since the issues in the [cases] are intertwined." Id. "In light of the related facts and legal issues in these matters and in consideration of all the aforementioned factors consolidation is warranted." Id.*

<u>Id.</u> at 4 (italics in original). The plaintiff does not provide citations for these arguments, although he says that the defendants "requested consolidation in the W.D. Texas," implying that the defendants made these arguments in their pleadings before that court. <u>Id.</u> He then says that he asks for consolidation "in the San Antonio Division of" the Western District of Texas. <u>Id.</u>

The United States responds by clarifying that the defendants in this case have not moved to consolidate, but that in <u>Hobbs v. Kendall</u>, No. 22-cv-739 (W.D. Tex.), the *United States* moved for consolidation. Dkt. No. 18 at 2. The United States indicates that the plaintiff did not oppose that motion and that

6

he raised the possibility of consolidating the Wisconsin cases "into Texas." Id. The United States agrees with the plaintiff that the factual allegations in this case have some overlap with some of the claims presented in his Texas cases. Dkt. No. 18 at 3. The United States observes that the plaintiff's Texas cases concern the plaintiff's employment with the United States Air Force, "which occurred simultaneous to his employment at DOI, and was part of the reason he was fired by both agencies," as well as the plaintiff's indictment in Texas state court for wrongfully using his DOI credit card. Id. The United States says that it is not "opposed to transfer and consolidation of this case with the suits in Texas," asserting that it would serve the interests of justice for the plaintiff "to have a single case that addresses all of his claims against the United States government." Id.

But the United States suggests that because it already has briefed the motion to dismiss, this court first should rule on that motion, which would help "winnow" the complaint and aid in the consolidation and transfer analysis. Id. (Again, the consolidation analysis is different from the transfer analysis.) Finally, the United States notes that the plaintiff has the capacity to "easily collapse his many cases into one." Id. It points out that if the plaintiff were to dismiss this case and seek leave to amend "in one of his other cases," consolidation would not be necessary; it observes that the plaintiff appears to be contemplating amendment in this case. Id. The United States suggests that if the plaintiff *is* considering amending, it would make more sense for him to

7

select a case and file an amendment in that case that would assert all his pending claims in a single case. Id.

The United States attached to its response a December 15, 2022 order from United States Magistrate Judge Richard B. Farrer of the Western District of Texas in Hobbs v. Kendall, Case No. 22-cv-739, Dkt. No. 18-1. The order indicated that the defendants had moved to consolidate the four cases pending in the Western District of Texas, two of which are pending in the Del Rio Division and two of which are pending in the San Antonio Division. Id. at 1. Noting that the plaintiff lives in Canyon Lake, Texas, the court indicated that he'd informed the court that he was not opposed to the consolidation. Id. at 2. The court explained that although the plaintiff had mentioned that he had "two other potentially related cases currently pending in the Eastern District of Wisconsin," it did not have the authority to consolidate cases pending before other districts or divisions. Id. The court explained that it could not consolidate the cases pending before Del Rio Division of the Western District because the parties had not asked to transfer those cases to the San Antonio Division or had the parties to those two cases asked to consolidate. Id. The court explained that had no knowledge of the circumstances surrounding the cases pending here in Wisconsin. Id.

Magistrate Judge Farrer determined that while "consolidation in San Antonio appear[ed] to be ideal in terms of the parties' convenience and the preservation of judicial resources," consolidation was not yet procedurally proper. Id. at 2-3. The court directed the defendants to file a 28 U.S.C.

8

§1404(b) motion to transfer in each of the pending Del Rio Division cases. Id. at 3. To the extent the parties sought to transfer and consolidate the plaintiff's cases pending in the Eastern District of Wisconsin, the court recommended that the parties jointly file motions to transfer under 28 U.S.C. §1404(a) in each of those cases and move to consolidate only after all the related cases were transferred to the San Antonio Division of the Western District of Texas. Id.

The court is mystified. The *plaintiff* chose to file as two separate cases the claims in Hobbs v. Shesky, Case No. 22-cv-680, and the claims in this case. He since has indicated in both cases that he wants this court to consolidate cases that he chose to file separately, but bases that request on the *defendants'* arguments, not his own, and on arguments that the defendants made to consolidate *other* cases pending in another district. He has not described—in this case or in Hobbs v. Shesky[2]—any issues of law or fact that the two Wisconsin cases have in common, relying instead on arguments the defendants made in support of consolidating *other* cases.

The United States is correct on one point—the *plaintiff* is the captain of this particular ship. He may request that the Del Rio Division cases pending in the Western District of Texas be transferred to the San Antonio Division; perhaps he already has done so. Once the cases have been transferred, he may ask the San Antonio Division to consolidate the four Texas cases; perhaps he

---

[2] Hobbs v. Shesky, Case No. 22-cv-680, Dkt. No. 48 at 5-6, denying the plaintiff's motion to consolidate because the plaintiff did not identify any common questions of law or fact.

already has done so, or perhaps the government has. He may seek leave in the Texas case to amend to add the claims he has made in the cases pending before this court and voluntarily dismiss the cases pending in Wisconsin. But so far, he has not done that. He continues to vigorously litigate both of the Wisconsin cases, so this court must decide his request to consolidate those two cases.

The fact that the *defendants* made arguments in favor of consolidating *other* cases pending before *other* courts is not a sufficient basis for this court to grant the *plaintiff's* motion to consolidate the two cases pending before *this* court when the plaintiff has not identified for this court any common issues of law or fact between the pending *Wisconsin* cases. The fact that the defendants in the Wisconsin cases say that the plaintiff is "broadly correct" and that the factual allegations in this case "do appear to overlap at least somewhat with the claims in some of his Texas case" does not solve the problem. It is up to the *party seeking consolidation*—in this case, the plaintiff—to identify specific common issues of law or fact shared by the two cases to justify consolidation. Both parties speak in generalities about what those common issues might be. The court has no basis for granting the plaintiff's motion to consolidate because he has not met his burden to show that consolidation of the two Wisconsin cases with each other is justified.

B.     Transfer of Venue

As Magistrate Judge Farrer implied in the decision attached to the government's response, whether to transfer the Wisconsin cases to the San Antonio Division of the Western District of Texas is a separate issue.

Section 1391(b) of Title 28 says that a plaintiff may bring a civil lawsuit in the judicial district in which any defendant resides if all of the defendants are residents of the state in which that district is located; in a district in which a substantial part of the events or omissions giving rise to the claim occurred; or, if there is no district that meets one of those requirements, in any district in which any defendant is subject to the court's personal jurisdiction.

The complaint in this case is prolix and the claims sometimes difficult to decipher, but the plaintiff mentions a formal employment agreement with the Bureau of Land Management to transfer to that agency's office in Milwaukee. Dkt. No. 1 at 7-8. It appears that the plaintiff accepted an offer of employment in Milwaukee, reported there and moved there. Id. at 8. It appears that he may have later moved to Mt. Pleasant, Wisconsin, which is in the Eastern District. Id. And it appears that the actions the plaintiff alleges were discriminatory took place while the plaintiff was in Wisconsin. Id. at 8-10. Those allegations support a conclusion that venue for this case properly lies in the Eastern District of Wisconsin under §1391(b)(2).

There are two statutes that govern venue. Section 1404 of Title 28 governs transferring venue "[f]or the convenience of the parties." Under 28 U.S.C. §1404(a), "[f]or the convenience of parties and witnesses, in the interest

11

of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Section 1406 of Title 28 governs situations in which a case has been filed in the wrong division or district.

The plaintiff's motion does not cite either of these statutes, but it appears that §1406 does not apply because, as the court has explained, venue appears proper in the Eastern District of Wisconsin. That leaves §1404, transfer of venue for the convenience of the parties. The plaintiff's motion does not mention §1404 or the standard for transfer under that statute. He does not explain why transferring venue for this case (or Hobbs v. Shesky) would be more convenient for the parties and witnesses. The plaintiff lives in Texas; the court can infer from that, and from the plaintiff's frequent allusions to the difficulties of litigating from a distance, that it would be more convenient for the *plaintiff* to litigate this case in his current home state. But neither he nor the United States explain how transferring venue to Texas would be more convenient for the defendants or for any witnesses who live in Wisconsin.

The United States says it is "not opposed to transfer . . . ." Dkt. No. 18 at 3. If that is true, the parties can *stipulate* to transferring this case (and, if they so choose, Hobbs v. Shesky) to the Western District of Wisconsin, San Antonio Division. They need only file a document, signed by all the parties, stating that all parties consent to the court transferring venue to the Western District of Texas, San Antonio Division, under 28 U.S.C. §1404(a). If the parties file a joint, written stipulation to that effect, the court immediately will transfer this

12

case. If the parties agree to transfer venue in <u>Hobbs v. Shesky</u>, they must file a similar stipulation in that case. If they do, the court will transfer that case.

Without a stipulation and absent any explanation by either party about how a transfer serves the convenience of the parties or the interests of justice, the court will not transfer this case to the Western District of Texas.

C.    <u>Extension</u>

That returns the court to the plaintiff's first request—that the court "defer" setting a deadline for him to respond to the motion to defendants' motion to dismiss this case "until Defendants multiple prior motions to consolidate are accepted or rejected by those jurisdictions." Dkt. No. 7 at 2. The court does not track the dockets of other courts in other districts. It has no idea whether the parties have followed Magistrate Judge Farrer's advice and sought the transfer of the Del Rios Division cases, or whether the Western District of Texas has ordered the Texas cases consolidated. Even if the court had ruled on this request more promptly than it did, it would not have indefinitely stayed the briefing on the motion to dismiss to await decisions from other courts.

In his request for an extension, the plaintiff argued that he "ha[d] been bombarded by multiple motions to dismiss by the Federal government and its co-conspirators." Dkt. No. 17 at 7. The plaintiff also asserted that during the time during which he was to be drafting his response to the motion to dismiss, he suffered from COVID-19, which incapacitated him for approximately a week.

13

Id. The United States did not object to extending the deadline to respond to February 7, 2023. Dkt. No. 18 at 1.

The court did not rule on the plaintiff's motion by February 7, 2023, and on February 27, 2023, the clerk's office received from the plaintiff his response to the motion to dismiss. Dkt. No. 19. The plaintiff's having suffered from COVID-19 is a just cause to grant an extension, as is the time it has taken this court to rule on the plaintiff's motion. And the plaintiff *did* respond to the motion, albeit ten days after he said he would. The court will grant the motion for an extension of time *nunc pro tunc* to February 27, 2023—the day the court received the plaintiff's response—and will deem the plaintiff's opposition brief timely filed.

There are problems, however, with the opposition brief. *First*, in several places the plaintiff discusses Fed. R. Civ. P. 56, the rule that governs motions for summary judgment. The defendants have not filed a motion for summary judgment. They have filed a motion to dismiss under Fed. R. Civ. P. 12.

Rule 12(b) allows a defendant to raise certain defenses—such as the Rule 12(b)(6) defense that the complaint does not state a claim for which a federal court may grant relief—by motion but it requires that the motion "be made before pleading if a responsive pleading is allowed." Accordingly, in considering a Rule 12(b)(6) motion to dismiss, the court "is limited to the allegations in the complaint." Financial Fiduciaries, LLC v. Gannett Co., Inc., 45 F.4th 654, 663 (7th Cir. 2022) (citing Gen. Elec. Cap. Corp. v. Lease Resol. Corp., 128 F.3d

14

1074, 1080 (7th Cir. 1997)).[3] "[A] motion to dismiss for failure to state a claim raises only legal issues." Levenstein v. Salafsky, 164 F.3d 345, 347 (7th Cir. 1988). "This is because a Rule 12(b)(6) motion requires the court to accept as true all well-pleaded facts in the complaint, drawing all reasonable inferences in favor of the opposing party." Id. (citations omitted). So—a defendant asking a court to dismiss under Rule 12(b)(6) argues, based only on the allegations in the complaint, that those allegations do not state a claim for which a federal court may grant relief.

Defendants file Rule 56 summary judgment motions, on the other hand, *after* the parties have exchanged discovery. A party seeking Rule 56 summary judgment must demonstrate that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a). Unlike a motion to dismiss, a motion for summary judgment looks beyond the allegations in the complaint to the evidence the parties have exchanged. The party asserting that there is no genuine dispute regarding a particular fact must present evidence from the record to support that assertion. Rule 56(c)(1). That evidence comes from the discovery the parties have exchanged during the period between the time the defendant answers the complaint and the date the court sets for filing summary judgment motions.

---

[3] The plaintiff is incorrect that the defendant is required to present denials to his allegations in a motion to dismiss. Dkt. No. 19 at 27. If the court denies the motion to dismiss, the defendant will have the opportunity to present substantive denials to the plaintiff's claims in an answer. Fed. R. Civ. P. 12(a)(4)(A) ("If the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action . . . .")

The plaintiff's arguments at pages 2, 7, 8-9, 14, 18, 19 and 27, to the extent that they refer to or rely on Rule 56, are irrelevant to the defendants' Rule 12(b) motion to dismiss.

*Second*, the plaintiff refers several times to Wisconsin procedural law and implies that the law of the state of Wisconsin governs the procedures used in this federal court. That is incorrect. In federal court, "[m]atters concerning the admissibility of evidence and matters of practice and procedure are governed by federal law, as long as those rules are procedural in character." Park v. City of Chicago, 297 F.3d 606, 612 (7th Cr. 2002). The law governing a Rule 12(b)(6) motion to dismiss, and the question of whether a complaint states a claim for which a federal court may grant relief, is *federal* law, not state law.

*Third*, the plaintiff's opposition brief is fifty-eight pages long—twenty-eight pages over the page limit set by this court's Civil Local Rule 7(f). Along with the opposition brief, the plaintiff filed a motion for leave to file an oversized brief (Dkt. No. 20); as the court explains below, it is denying that motion.

*Fourth*, as discussed above, the plaintiff mentions in this motion that he feels the defendants are trying to force him to amend his complaint, mentions Fed. R. Civ. P. 15's admonition that courts should freely give leave to amend when just so requires and mentions needing sixty days to do so. Dkt. No. 17 at 2-3. In the opposition brief he filed to the motion to dismiss, the plaintiff attempted to insert an amended complaint. Dkt. No. 19 at pp. 36-58. That is not the proper way to amend a complaint. If the plaintiff wishes to amend his

16

original complaint, he must follow Fed. R. Civ. P. 15 and this court's Civil L.R. 15.

Fed. R. Civ. P. 15(a)(1) says that a plaintiff may amend his complaint once without the court's permission if he does so within twenty-one days after serving the complaint or within twenty-one days after the defendant either answers or files a Rule 12(b) motion. The plaintiff filed the original complaint on June 21, 2022; that means he had until July 12, 2022 to amend the complaint without seeking the court's permission. The plaintiff did not amend the complaint by July 112, 2022. The defendants filed their motion to dismiss on November 18, 2022. That means the plaintiff also could have amended his complaint by December 9, 2022—twenty-one days later—without needing the court's permission. The plaintiff did not amend his complaint by that time. The Rule 15(a)(1) deadlines for the plaintiff to amend his complaint without having to first seek the court's permission have passed.

But that does not mean the plaintiff cannot amend his complaint. Rule 15(a)(2) says that even after the time for the plaintiff to amend without leave of court has passed, "a party may amend its pleading," but "only with the opposing party's written consent or the court's leave." As the plaintiff points out in his motion, the rule also says that "[t]he court should freely give leave when justice so requires." This court's Civil L.R. 15(a) requires that an amended pleading "must preproduce the entire pleading as amended, and may not incorporate any prior pleading by reference." Civil L.R. 15(b) requires that the party seeking leave to amend file a motion for such leave, and that the

17

motion "must state specifically what changes are sought by the proposed amendments." It requires that "[t]he proposed amended pleading must be filed as an attachment to the motion to amend." If the court decides to allow the amendment, the Clerk of Court then files the amended pleading on the the docket as the operative complaint. Civil L.R. 15(c).

If the plaintiff wants to amend his complaint, he may either obtain the defendants' written consent or he may file a motion asking this court for leave to amend. If he files a motion with the court, he must explain in the motion how the amended complaint differs from the original one. He must attach the amended complaint, as a separate document, to his motion. And that amended complaint may not incorporate any other, prior pleadings by reference—the plaintiff must recite in the amended complaint each allegation he wishes to bring in this case, not refer the court to allegations he made in other cases.[4]

---

[4] If the plaintiff decides to file a motion seeking leave to amend the complaint in this case, he may wish to consider paring down the complaint. The plaintiff asserts that the fact that a complaint is long is not a basis for dismissing it. That is true, to a point. "A district court is not 'authorized to dismiss a complaint merely because it contains repetitious and irrelevant matter, a disposable husk around a core of proper pleading.'" United States ex rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003) (quoting Davis v. Ruby Foods, Inc., 269 F.3d 818, 820 (7th Cir. 2001)). But "[l]ength may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." Id. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." Id. Although the court understands that the plaintiff has a long history with the defendants, if he elects to amend the complaint in *this* case in *this* district, he might consider limiting his amended complaints to the particular facts that occurred in this district during the time frame relevant to the harms he alleges he suffered.

While the court has concluded that the plaintiff timely filed his opposition to the defendants' motion to dismiss, that opposition pleading does not comply with several of the Federal Rules of Civil Procedure and this court's local rules. The court will give the plaintiff two options for remedying these violations: within the deadline the court will set at the end of this order, he may either file an amended opposition brief (one that is thirty pages or less in length, addresses only the Fed. R. Civ. P. 8 and 12(b) arguments and does not included an amended complaint) or he may notify the court that it may rely only on the first thirty pages of the opposition brief he already has filed.

### III. Plaintiffs Expedited L.R. 7(h) Motion to Take Leave to File Paper (Dkt. No. 20)

On the same day it received the plaintiff's brief opposing the defendants' motion to dismiss, the court received from the plaintiff a motion asking for

> relief in all forms from any obligations to this Courts Civil local rules in filing his reply to Defendants Motion to Dismiss, especially in terms of pagination limits and formatting, pursuant to reducing the reply's length, as such requirements are in opposition to each other and "*so as to do justice*", as required by Wisconsin law, and what is needed to be said, should be said, without limitation.

Dkt. No. 20 at 2 (emphasis in original). The court construes this motion as a request to exceed the page limit imposed by Civil L.R. 7(f) and to allow him to file a response brief that exceeds the number of pages allowed by that rule. Civil L.R. 7(f) states that an opposition to a motion, other than a Civil L. R. 7(h) expedited non-dispositive motion or a summary judgment motion, must not exceed thirty pages unless the court has granted leave to file an oversized memorandum.

19

The defendants' brief in support of their motion to dismiss is sixteen pages long. Dkt. No. 15. The actual arguments cover just over eleven pages. The United States argues that the plaintiff's claims should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and because the lengthy complaint violates Fed. R. Civ. P. 8(a)(2)'s requirement that a complaint must assert a short and plain statement of the claim. Indeed, the defendants argue, in part, that the complaint is so lengthy and laden with details that it is hard to figure out what the plaintiff is claiming each defendant did to him. The plaintiff has not explained why he needs more than thirty pages to respond to a sixteen-page motion. Nor has he identified the number of pages that he believes would allow him to sufficiently respond to the defendants' arguments.

As the court discussed in addressing the plaintiff's motion for an extension of time to file the opposition brief, there are several problems with that brief that contribute to its length. If the plaintiff had not included irrelevant Rule 56 arguments, he would have shaved a few of the fifty-eight pages. If he had not included discussions of state procedural law, which does not apply in federal court, he could have shaved a bit off. If he had not attempted—improperly, as the court will discuss below—to incorporate by reference all the EEOC proceedings and other federal lawsuits he has filed, he'd have shaved off a few pages. And the improper attempt to amend the complaint via a motion for an extension of time takes up almost twenty-one pages of the fifty-eight-page brief. Had the plaintiff left out the irrelevant and procedurally

20

improper portions of the brief, it easily would have come in at under Civil L.R. 7(f)'s thirty-page limit.

The court will deny the motion and require the plaintiff to comply with Civil L.R. 7(f), either by filing an amended opposition brief that is thirty pages or less or by advising the court that it may simply consider the first thirty pages of the brief on file at Dkt. No. 19.

## IV. Plaintiff's Expedited Non-Dispositive Motion Requesting Recusal Ex-Parte Communication Pursuant to Civil L.R. 7(h) (Dkt. No. 22)

In his motion for recusal, the plaintiff alleges that "ex-parte communication has occurred between the presiding judge and/or the clerks of this jurisdiction and/or the U.S. Attorney's Office for the E.D. Wisconsin . . ." Dkt. No. 22 at 1. The plaintiff asserts that this alleged *ex parte* communication has resulted in in someone unlawfully withholding his pleadings. Id. He asserts that the court has a history of procedural bias against the fact that he is representing himself, and points to the fact that the court has denied his requests to file electronically. Id. at 2. The plaintiff asserts that he filed three pleadings—two "motions in oppositions to opposing counsels motions to dismiss, and one pleading requesting motion to leave to file paper, pursuant to the opposition reply in cause, 22-cv-721-PP." Id. He says that these pleadings were signed, dated with a certificate of service on February 17, 2023 and placed in a single priority mail envelope addressed to the clerk of the court. Id. The plaintiff says that on February 17th and 18th, he also electronically transmitted the briefs to opposing counsel. Id. He asserts that he transmitted

the pleadings to the clerk's office by email, and that he emailed the briefs to the "presiding judge at, PepperPO@wied.uscourts.gov." Id.

The plaintiff says that he received an email from opposing counsel on "the 18th," "requesting if Plaintiff had mailed said pleading and his language avers ex-parte communication." Id. He asserts that he never had been contacted directly by opposing counsel "except trying to unlawfully obstruct process of service upon his clients, thus trying to entrap Plaintiff into not perfecting service of process." Id. The plaintiff also accuses opposing counsel of committing perjury before the court, with no supporting facts. Id.

Asserting that the court took too long to rule on his requests for electronic filing and then denied them "without substantive legal argument," the plaintiff observes that he has multiple cases pending in the Eastern District and that "it appears all cases were directly assigned to the presiding judge and no random assignments occurred, averring *Pro Se* bias and/or bias specifically selective and averse to this Plaintiff uniquely and discriminatorily." Id. at 3.

The plaintiff avers that nearly a month after the plaintiff sent his February 17, 2023 pleadings, there was no record of the pleadings "having been filed into the PACER court records." Id. He asserts that his documents "were timely as filed electronically," and says that, "given this Courts bias, Plaintiff herein moves in both causes, for the presiding judge to recuse herself, have this case reassigned, outside this jurisdiction, and request the Department of Justice through the appropriate investigative body, assumed to be an Office of the Inspector General, investigate this jurisdiction for improper

22

judicial conduct of the presiding judge, the clerks of this Court and the US Attorney's Office for the ED of Wisconsin." Id. The plaintiff says that he will research the way to file a formal complaint with the proper investigative body, and that he will do so. Id.

Section 455(a) of Title 28 of the United States code requires a federal judge to "disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned." To the extent that the plaintiff seeks recusal based on the court's denials of his motion to efile, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). The plaintiff argues that the court denied his motions without a legal basis for doing so, but he has not alleged that the court relied on knowledge outside the judicial proceedings, or that the court has displayed deep-seated and unequivocal antagonism to him that would make it impossible for the court to be fair to him. See id. at 556. The court explained in its order denying the request to electronically file that a party does not have an automatic right to electronically file and that the plaintiff has not shown that he cannot access the U.S. postal system to file his briefs and letters with the court. Dkt. No. 7.

The plaintiff alleges that there have been *ex-parte* communications between the court, the clerk's office and the U.S. Attorney's office. Canon 3(A)(4) of the Code of Judicial Conduct for Federal Judges states that judges "should not initiate, permit, or consider ex parte communications or consider other communications concerning a pending or impending matter that are

23

made outside the presence of the parties or their lawyers." As the court explained to the plaintiff when it denied a similar motion in Hobbs v. Shesky, Case No. 22-cv-680, Dkt. No. 56, the court has had no telephone or in-person communications with any party in this case, much less in the absence of the other parties. All of the information the court has comes from the pleadings the parties have filed.

As for the documents that the plaintiff says he put in the mail on February 17, 2023:

As the court has noted, on February 27, 2023, the clerk's office received from the plaintiff a document titled "Plaintiffs Response to Defendant's Motion to Dismiss." Dkt. No. 19. It is a fifty-eight-page document dated February 17, 2023. The clerk's office has docketed that response, and on March 14, 2023, the court received the defendants' reply brief. Dkt. No. 21.

Also on February 27, 2023, the court received from the plaintiff the above-discussed Plaintiffs Expedited L.R. 7(h) Motion to Take Leave to File Paper. Dkt. No. 20. The plaintiff also dated this pleading February 17, 2023. Id. at 1. The clerk's office has docketed that motion—presumably the motion for leave to file paper to which the plaintiff refers. That same day, the clerk's office received—and docketed as attachments to the motion to take leave to file paper—113 pages of exhibits, including executive summaries and what appear to be attempts to amend portions of the complaint. Dkt. No. 20-1.

Finally, on February 27, 2023, the clerk's office received a twenty-six-page Plaintiffs Reply to Defendant's Motion to Dismiss Requesting an

Additional Extension of Time in <u>Hobbs v. Shesky</u>, Case No. 22-cv-680 (Dkt. No. 49), which the plaintiff dated February 17, 2023. Presumably because the clerk's office could not determine to which of the two cases the 113 pages of exhibits related, the office also docketed the 113 pages of exhibits in Case No. 22-cv-680, at Dkt. No. 49-1.

The documents were sent to the clerk's office at 517 E. Wisconsin Ave Milwaukee, WI 53202 in a priority mail envelope dated February 20, 2023 from ZIP code 79912.[5] Dkt. No. 20-3. It lists the sender as Larry Hobbs P.O. Box 1880 Canyon Lake TX 78133. <u>Id.</u> It appears that although the plaintiff dated the documents February 17, 2023, he did not mail them until February 20, 2023 and did not send them from his city of residence, Canyon Lake, but from El Paso. Regardless, the documents arrived in the clerk's office and have been docketed.

The plaintiff asserts that he also sent these pleadings to the court via email at PepperPO@wied.uscourts.gov, and he argues that the documents were timely "as electronically filed." The court has deemed the filings timely, but not because the plaintiff emailed them to the above address. The court has denied the plaintiff's requests to "electronically file," and electronic filing is defined by Section I of the court's Electronic Case Filing Policies and Procedures Manual as "uploading a pleading or document directly from the registered user's computer, using the Court's Internet-based system, to file that pleading or

---

[5] The 77912 ZIP code is a ZIP code for El Paso, Texas.
https://www.google.com/search?client=firefox-b-1-d&q=zip+code+79912.

document in the Court's case file." https://www.wied.uscourts.gov/e-filing/ecf-policies-and-procedures#Filing. The manual specifically states, "Sending a document or pleading to the Court vial e-mail does not constitute 'electronic filing.'" Id. The email the plaintiff used—PepperPO@wied.uscourts.gov—is not for lawyers or anyone else to file pleadings; as noted on the undersigned's page of the court's web site, that address is for proposed orders only. https://www.wied.uscourts.gov/judges/pamela-pepper.

The plaintiff implies that it was improper for opposing counsel to contact the plaintiff via email. It was not. If the plaintiff was represented by a *lawyer*, it would be improper for opposing counsel to contact the plaintiff rather than his lawyer. But because the plaintiff is representing himself, the only way opposing counsel *can* communicate with the plaintiff is by contacting him directly. There is no ethical prohibition against opposing counsel contacting a self-represented party. The plaintiff also says that opposing counsel's email "avers" *ex parte* contact. The court does not know what that means, or whether the plaintiff is accusing opposing counsel of having *ex parte* communication with this court. As the court has stated, it has had no telephone or in-person contact with opposing counsel about this case or any of the plaintiff's other cases, nor any written communication that is not memorialized in pleadings on the docket.

The plaintiff accurately observes that all the cases he has filed in the Eastern District of Wisconsin have been assigned to the same judge. It has been the court's policy since before the undersigned became a district court judge that when a self-represented plaintiff has a case pending before one of

26

the judges in the district, any subsequent case that plaintiff files while he has any pending cases is assigned to the same judge. As the undersigned understands it, this policy was developed, among other reasons, to avoid substantial duplication of effort and the risk of inconsistent or contradictory results if the cases were heard by different judges.[6] The plaintiff filed his first complaint in this district on April 15, 2022, Hobbs v. Willis, Case No. 22-cv-467; that case was randomly assigned to the undersigned (Judge Pepper). That case is still pending, so each of the three cases the plaintiff has filed since then has been assigned to Judge Pepper. If the plaintiff files other cases while any of his cases remain pending, *those* cases will be assigned to Judge Pepper. Once all pending cases are dismissed, closed or otherwise terminated, any subsequent case the plaintiff files in this district will once again be randomly assigned.

There is a self-represented person who has filed thirteen cases in the Eastern District since December 21, 2020. The clerk's office randomly assigned the first of those cases to the undersigned. All but three of the thirteen cases have been assigned to the undersigned; in the other three cases, the parties consented to a magistrate judge deciding the cases. The undersigned currently is assigned multiple cases filed by self-represented persons; the other judges on the court also have been assigned multiple cases filed by self-represented persons. If the plaintiff's first case had been randomly assigned to one of the

---

[6] Civil L.R. 3 describes the procedure for assigned to the same judge "related" cases in which the parties are represented.

undersigned's colleagues, the plaintiff's three subsequent cases would have been assigned to *that* judge.

The court will deny the motion to recuse. Even if the plaintiff had stated sufficient grounds for recusal, the court does not have the authority to reassign this case to another district; as the court has noted, if the parties agree to a transfer of venue, they may file a stipulation.

Finally, as to the plaintiff's statement that he is going to conduct research on how to file a complaint, the court can assist him with that endeavor. Under the Judicial Conduct and Disability Act of 1980, 28 U.S.C. §§351-364, a judicial conduct or disability complaint against a federal judge must be filed in the appropriate court office—in this case, the Clerk of the Seventh Circuit Court of Appeals, 219 South Dearborn Street, Room 2722, Chicago, IL 60604. Information about how to file such a complaint is available at https://www.uscourts.gov/judges-judgeships/judicial-conduct-disability.

## V. Plaintiff's Expedited Non-Dispositive Motion Requesting Notice of Materials in the Record Pursuant to Civ. L. R. 7(h) (Dkt. No. 23)

Finally, on May 18, 2023, the court received from the plaintiff a request that items listed in an attached Exhibit A "be fully incorporated in Plaintiff's pleadings, inclusive of any original or amended complaints," citing a Fifth Circuit case from 2015. Dkt. No. 23 at 1. The plaintiff reiterates his claims that *ex parte* communications and misconduct have occurred and that the court, the clerk's office and the U.S. Attorney's Office have prevented timely filing and ruling on his pleadings. Id. at 2. Oddly, the plaintiff seems to acknowledge that the clerk's office has received and filed the documents. Id. He asserts, however,

28

that "they have yet to be properly filed." Id. He repeats his assertion that all his cases have been improperly assigned to the same judge. Id. at 3. He asserts that the defendants' reply brief was not timely filed, claiming that it was filed approximately a month after he "timely" submitted his pleadings to the court.[7] Id. He also says that it "appears a prior pleading of opposing counsel may have been removed from the court's docket suggesting additional malfeasance."[8] Id. The plaintiff "moves by this motion instant to have the following 'Materials in the Record', be acknowledged by this court as presented in Exhibit A." Id.

The "Exhibit A" to which the plaintiff refers is a list of multiple proceedings—complaints filed with the Equal Employment Opportunity Commission and the complaints filed in all the cases he has pending in federal courts in Missouri, the District of Columbia, Illinois and Texas, as well as all of the complaints pending in the Eastern District of Wisconsin. Dkt. No. 23-1. The

---

[7] Civil L.R. 7(c) allows a moving party fourteen days from the service of the non-moving party's response to file a reply. As noted, the court received the plaintiff's opposition to the motion to dismiss on February 27, 2023. It received the defendants' reply brief on March 14, 2023—fifteen days after it received the plaintiff's opposition brief.

[8] The plaintiff appears to be referring to Dkt. No. 12, which contains the docket remark, "DISREGARD; DUPLICATE ENTRY ~~RESPONSE to Motion filed by Lawrence Houston Hobbs re 10 Rule 7(h) Expedited Non Dispositive MOTION for Extension of Time *to Answer or Otherwise Plead.*~~" On October 11, 2022, the clerk's office received from the plaintiff a three-page Plaintiffs Response in Opposition to Defendants Civil L.R. 7(h) Expedited Motion Requesting Extension of Time, and five pages consisting of a proposed order and a certificate of service. Dkt. Nos. 11, 11-1. Someone in the clerk's office accidentally docketed the three-page opposition twice—one at Dkt. No. 11, along with the attachments, and once at Dkt. No. 12, by itself. The clerk's office did not *remove* the duplicate opposition document from the docket, but it did note in the docket remark to Dkt. No. 12 that the document accidentally was docketed twice.

29

plaintiff appears—as he has in other filings, including his opposition to the motion to dismiss and the amended complaint he attempted to insert into that document—to be trying to impute to the defendants and this court knowledge of all the pleadings filed in all these agency proceedings and federal lawsuits. The plaintiff is mistaken that the court "must acknowledge" these documents, and he cannot simply incorporate them into this lawsuit by listing them in an attachment to a motion. These documents are not "in the record" for *this* case unless the plaintiff or the defendants file the documents themselves in the record for this case.

The court does not have access to EEOC complaints, hearing transcripts, appeals and other agency documents. The court does not have the time nor the resources to search PACER for all the documents filed by all the parties in seven federal lawsuits filed in four other districts. If the plaintiff believes that a particular document from an EEOC proceeding or one of his other lawsuits is relevant in this case, he must file it in this case.

The court will deny this motion.

## VI.  Conclusion

The court **DENIES** the plaintiff's request to stay the deadline to respond to the motion to dismiss. Dkt. No. 17.

The court **GRANTS** the plaintiff's motion for an extension of time to answer. Dkt. No. 17. The court **ORDERS** that the time for the plaintiff to file a response to the defendant's motion to dismiss is **EXTENDED**, *nunc pro tunc*, to February 27, 2023. The court **ORDERS** that the plaintiff's February 27, 2023

30

response to the defendants' motion to dismiss (Dkt. No. 19) is **DEEMED TIMELY FILED**.

The court **FINDS** that the plaintiff's opposition brief to the defendants' motion to dismiss **VIOLATES** Civil L.R. 7(f), Fed. R. Civ. P. 15 and Civil L.R. 15. Dkt. No. 19.

The court **ORDERS** that by the end of the day on **September 15, 2023**, the plaintiff must either file an amended opposition to the defendants' motion to dismiss or notify the court in writing that it may rely only on the first thirty (30) pages of the opposition received by the court on February 27, 2023 (Dkt. No. 19). The plaintiff must take one of these two actions in time for the court to *receive* either the amended brief or the notification by the end of the day on September 15, 2023. If the court does not receive either an amended opposition brief or a written notice that the court may consider only the first thirty pages of the brief at Dkt. No. 19 by the end of the day on September 15, 2023, the court will elect the second option and will consider only the first thirty pages of the brief at Dkt. No. 19 in ruling on the defendants' motion to dismiss.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's request to consolidate this case with <u>Hobbs v. Shesky</u>, No. 22-cv-680 (E.D. Wis.). Dkt. No. 17

The court **DENIES WITHOUT PREJUDICE** the plaintiff's request to transfer the cases to the Western District of Texas. Dkt. No. 17.

The court **DENIES** the plaintiff's motion to take leave to file paper. Dkt. No. 20.

31

The court **DENIES** the plaintiff's motion for recusal. Dkt. No. 22.

The court **DENIES** the plaintiff's motion requesting notice of materials. Dkt. No. 23.

Dated in Milwaukee, Wisconsin this 11th day of July, 2023.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

32